J-A23014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL IRIZARRY | : | |
| | : | |
| Appellant | : | No. 540 MDA 2023 |

Appeal from the PCRA Order Entered February 27, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001243-2000

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:               **FILED: FEBRUARY 27, 2024**

Angel Irizarry appeals, *pro se*, from the order, entered in the Court of Common Pleas of Lancaster County, denying his petition, titled "Motion for New Trial Pursuant to 42 Pa.C.S.[A.] § 9545(b)(2)," filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  After review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The court treated Irizarry's motion for new trial as his fourth PCRA petition and addressed it as such.  It is well-settled that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011); see also ***Commonwealth v. Guthrie***, 749 A.2d 502, 503 (Pa. Super. 2000) (defendant's "motion to correct illegal sentence" treated as PCRA petition); ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1261 (Pa. Super. 2001) (PCRA is "exclusive vehicle for obtaining post-conviction collateral relief."); 42 Pa.C.S.A. § 9542.

The PCRA court set out the facts of this case as follows:

On September 12, 2000, a jury found Irizarry guilty of two counts of attempted first-degree murder, five counts of aggravated assault, one count of criminal attempt to commit robbery, [one count of] criminal conspiracy to commit robbery, and three counts of reckless endangerment of another person[.[2]] The testimony at trial established that Irizarry was involved with three other individuals in planning and attempting to commit an armed robbery of a store in Lancaster City on February 16, 2000, during the lunch hour. When the police interrupted their attempted robbery, Irizarry pulled out a .223 caliber semi-automatic rifle and unloaded 19 of the 30 bullets from his clip, firing directly at a Lancaster City police officer and a Lancaster County deputy sheriff. The police officer and several bystanders sustained injuries. Irizarry was seen by numerous witnesses as he engaged in this rampage[] and was caught behind the Lancaster County Courthouse still in possession of the rifle.

* * *

On November 6, 2000, Irizarry was sentenced to a total aggregate term of imprisonment of 39 years, 3 months to 78 years, 6 months.

PCRA Court Opinion, 5/26/23, at 1-2 (citation omitted). Irizarry did not file post-sentence motions. This Court affirmed Irizarry's judgment of sentence on direct appeal. **See Commonwealth v. Irizarry**, 797 A.2d 373 (Pa. Super. 2002) (Table). Irizarry did not seek allowance of appeal to our Supreme Court. Thereafter, Irizarry filed three unsuccessful PCRA Petitions in 2007, 2012, and 2018.

On February 9, 2023, Irizarry, *pro se*, filed the instant PCRA petition, contending that on February 10, 2022, he became aware of the address of a

---

[2] 18 Pa.C.S.A. §§ 901, 2502(a), 2702(a)(1)-(4), 3701(a)(1)(iii), 903.18, and 2705, respectively.

witness, Milagros Montanez, "who has exculpatory information which proves that [Irizarry's] intent . . . was not . . . rooted in malicious intent."  PCRA Petition, 2/9/23, at ¶ 3.  Irizarry stated that Montanez would testify that she was with Irizarry in the days prior to the attempted robbery, during which she "repeatedly related a threat, allegedly made by an officer[,] . . . that [police] were instructed to shoot first[,] ask questions last[.]"  *Id.* at ¶ 4.  Irizarry alleged in his petition that this constituted new, exculpatory evidence.  *Id.* at ¶ 5.  The PCRA court subsequently denied Irizarry's petition, concluding that Irizarry's claim did not constitute a newly-discovered fact as contemplated by the PCRA because Irizarry "would have been aware of any statements the witness was making to him leading up to the [attempted robbery] and could have communicated that information to his attorney for further consideration."  Order, 2/27/23, at n.1.  Irizarry filed a notice appeal on April 6, 2023,[3] thirty-eight days after the PCRA court's order denying his petition, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[4]

---

[3] Irizarry's notice of appeal was filed on April 6, 2023, but dated March 31, 2023.  Even applying the prisoner mailbox rule, *see Commonwealth v. Jones*, 700 A.2d 423 (Pa. 1997), the notice of appeal would have still been filed beyond thirty days from the PCRA court's order.  *See* Pa.R.A.P. 903; Pa.R.Crim.P. 907.

[4] Irizarry's Rule 1925(b) statement was filed on May 8, 2023, but dated May 2, 2023.  Though filed more than twenty-one days beyond the PCRA court's order, the PCRA court nevertheless treated it as timely filed pursuant to the prisoner mailbox rule.  *See* PCRA Court Opinion, 5/26/23, at 4 n.6; *see also Thomas v. Elash*, 781 A.2d 170, 176 (Pa. Super. 2001).

Prior to addressing the merits of Irizarry's appellate claims, we must first address the timeliness of Irizarry's notice of appeal, as it affects this Court's jurisdiction. **See Commonwealth v. Pena**, 31 A.3d 704, 706 (Pa. Super. 2011). To be timely, a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken. **See** Pa.R.A.P. 903(a). This Court is without authority to extend the thirty-day period unless there is fraud or a breakdown in the processes of the court. **See** Pa.R.A.P. 105(b); **see also Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019).

In the instant case, because Irizarry's petition was denied without a hearing, the PCRA court is required to "advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed." Pa.R.Crim.P. 907(4). Under **Stansbury**, **supra**, a misstatement of the law or incorrect instruction concerning the right to appeal in collateral matters under the PCRA may "amount to a breakdown in court operations such that we may overlook the defective nature of Appellant's timely notice of appeal rather than quash [the appeal]." **Id.** at 160. Here, the PCRA court did not include language about Irizarry's right to appeal in its order denying Irizarry's petition. Consequently, this omission constitutes a breakdown in court operations, and we may overlook the defective nature of Irizarry's notice of appeal. **See**

***Stansbury***, ***supra***. Therefore, we will consider the appeal to be timely and address Irizarry's issues raised on appeal.[5]

Irizarry raises the following issues for our review:

1. Did the PCRA court err in denying appellate relief without an evidentiary hearing to establish the length and potential damage and prejudice created by the suppression of the interactions of police with this specific witness or the prejudice caused by the interference which resulted in refusing [Irizarry] [d]ue [p]rocess in the adversarial process by denying him the opportunity to present this witness[?]

2. Did the PCRA court err in its interpretation of the evidence presented and the legal application as to its significance[?]

Appellant's Brief, at 6.

The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. ***Commonwealth v. Johnston***, 42 A.3d 1120, 1126 (Pa. Super. 2012). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.***

---

[5] The PCRA court noted that the appeal was untimely but treated it as a motion for leave to file the notice of appeal, *nunc pro tunc*, which the PCRA court granted. ***See*** Order, 4/13/23. While we note that the allowance of appeal, *nunc pro tunc*, is within the sound discretion of the trial court, "[t]ime limitations for taking appeals are strictly construed and cannot be extended as a matter of grace." ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014) (citation omitted). "[A]n appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." ***Commonwealth v. Stock***, 679 A.2d 760, 764 (Pa. 1996). Extraordinary circumstances include instances such as fraud, ineffectiveness of counsel, or a breakdown in the operations of the court. ***See id.*** at 763-64. Irizarry made no effort to explain his late filing or argue any extraordinary circumstances in the instant case.

Prior to addressing the merits of Irizarry's appeal, we must determine whether his PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time bar. Any PCRA petition "shall be filed within a year of the date judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* at 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Irizarry's judgment of sentence became final, for purposes of the PCRA, on February 21, 2002, when the time expired for Irizarry to file a petition for allowance of appeal to the Pennsylvania Supreme Court after this Court affirmed his judgment of sentence on January 22, 2002. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Irizarry had one year from that date, or until February 21, 2003, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1), *supra*. Consequently, Irizarry's instant PCRA petition, filed on February 9, 2023, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those exceptions are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).[6] "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Here, Irizarry invoked the newly-discovered facts exception.[7] The newly-discovered facts exception applies where "the facts upon which the

_____

[6] We observe that section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, December 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, N. 146, § 3. Instantly, Irizarry claims the earliest he could have presented this claim was February 10, 2022. *See* Defendant's Brief in Support, 2/9/23, at 2. Irizarry had one year from that date to file a PCRA petition raising his claim. Therefore, his motion for new trial/PCRA petition filed on February 9, 2023, if meeting the exception, would be within the one-year window. *See* 42 Pa.C.S.A. §§ 9545(b)(1)(ii), (b)(2).

[7] Throughout his filings, Irizarry frequently and mistakenly claims he is invoking the "after-discovered" evidence exception to the PCRA time bar. As mentioned *supra*, a claim of newly-discovered facts is an exception to the PCRA's one year time bar, *see* 42 Pa.C.S.A. § 9545(b)(1)(ii), while an after-
*(Footnote Continued Next Page)*

claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). The Pennsylvania Supreme Court has "the exception set forth in subsection (b)(1)(ii) . . . only requires a petitioner to prove that the facts were unknown to him and that he exercised due diligence in discovering those facts." **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016) (internal citations and quotation marks omitted). "Due diligence does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." **Id.** at 230 (quotation marks omitted).

Irizarry argues that while he has known of Montanez's existence for some time, he has been unable to locate her, despite efforts by Irizarry and his family. **See** Appellant's Brief, at 16. Irizarry claims that due to "intimidation and coercion[,]" Montanez was "forced [] into hiding and prevented the defense from presenting her testimony[.]" **Id.** at 15. Irizarry enumerates the steps taken to locate Montanez, including attempts over social media and family traveling from Pennsylvania to Florida to attempt to convince Montanez to come forward. **Id.** at 16; **see also** Defendant's Brief in Support,

---

discovered evidence claim is a substantive claim for PCRA relief. **See** 42 Pa.C.S.A. § 9543(a)(2)(vi); **see also Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017) (reiterating "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S.[A.] § 9543(a)(2)"). Nevertheless, this does not impact our ability to review the claim because Irizarry addresses the requisite factors under the newly-discovered facts exception to the PCRA time bar in his argument.

2/9/23, at 2-3 (explaining efforts by Irizarry's family to locate Montanez and a seemingly chance encounter whereby Jonathan Irizzary "came across" Montanez after he was released from SCI Camp Hill and obtained her address).

Irizarry also claims that Montanez's "exculpatory information" would support Irizarry's lack of intent to commit the crimes for which he was convicted and show that he was "provoked by the human and legal need for self-preservation[.]" PCRA Petition, 2/9/23, ¶ 3. As stated **supra**, Irizarry suggests that Montanez would testify as to the time she spent with Irizarry prior to the attempted robbery and the statements she made to him about alleged threats made by a police officer. **Id.** at ¶ 4; **see also** Defendant's Brief in Support, 2/9/23, at 3-4.

The PCRA court found this claim to be insufficient to meet the newly-discovered facts exception because Irizarry did not show that either the facts upon which it is predicated were unknown, or that he could not have ascertained those facts by due diligence. The court explained:

> Since the substance of Montanez'[s] proffered testimony would be statements that she made in his presence, it cannot be said that the testimony is newly[-]discovered evidence. [Irizarry] claims Montanez will testify that "she would tell [Irizarry] that the police wanted to kill him and have no desire to bring him in alive." [Defendant's Brief in Support, 2/9/23, at] 3. This does not constitute [newly-discovered] evidence since Irizarry would have been aware of any statements made *to him* leading up to the offense, and he could have communicated that information to his attorney for further consideration. The only *new* information possibly obtained by Irizarry is Montanez'[s] address, which he has not shown that he exercised due diligence in trying to obtain previously, as he fails to mention whether he communicated Montanez'[s] identity as a potential witness to his attorney prior

to trial. Therefore, because the facts upon which Irizarry's claim is predicated were known to him prior to his trial, the deadline to bring this claim would have been on February 21, 2002, when the judgment became final. As such, Irizarry's fourth petition is untimely.

PCRA Court Opinion, 5/26/23, 6-7 (emphasis original).

After our review of the record, we conclude that the PCRA court's determination that Irizarry's fourth PCRA petition was untimely and does not meet the newly-discovered facts exception to the PCRA time bar is supported by the evidence of record and free of legal error. *See Johnston*, *supra*; *see also Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001) (rejecting attempt to invoke section 9545(b)(1)(ii) because appellant failed to offer evidence that he exercised due diligence in obtaining facts upon which claim was based). As stated, because the alleged newly-discovered fact is a statement made by Montanez to Irizarry, Irizarry would have known this information since February of 2000, when the statement was allegedly made. Moreover, Irizarry's own arguments include information that his family knew how to contact Montanez and he fails to explain whether this information was shared with his attorney prior to or during trial. Accordingly, because Irizarry's PCRA petition was facially untimely and he failed to prove the newly-discovered facts exception to the jurisdictional time bar, the PCRA court properly denied him relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2024